# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv318

| | |
|---|---|
| SONYA WALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Memorandum and** |
| ) | **Recommendation** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record, Plaintiff's Motion for Summary Judgment [# 13], and the Commissioner's Motion for Summary Judgment [# 15]. The Court **RECOMMENDS** that the District Court **GRANT in part** the Plaintiff's Motion for Summary Judgment [# 13], **DENY** the Commissioner's Motion for Summary Judgment [# 15], and **REMAND** the Commissioner's decision.

  I.  **Procedural History**

Plaintiff filed an application for disability insurance benefits and an

-1-

application for supplemental security income on August 1, 2007. (Transcript of Administrative Record ("T.") 109, 113.) Both claims have a protective filing date of July 5, 2007. (T. 120.) Plaintiff alleged that she became disabled beginning June 6, 2007. (T. 109, 113.) The Social Security Administration denied Plaintiff's claims, finding that she was not disabled. (T. 65-66, 69-73.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 67-68, 76-82.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 27-56.) The ALJ issued a decision finding Plaintiff was not disabled. (T. 18-26.) The Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II.  Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. <u>Mastro</u>, 270 F.3d at 177; <u>Johnson</u>, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his November 19, 2009, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 26.) The ALJ made the following specific findings:

(1) The claimant met the disability insured status requirements of the Act on June 6, 2007, the alleged date of disability onset, and continued to meet them through December 31, 2008.

(2) The claimant has not engaged in substantial gainful activity since the alleged date of disability onset.

(3) The medical evidence establishes that the claimant has "severe"

multiple sclerosis, headaches, depression and anxiety, but that she does not have an impairment or combinations of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4. Additionally, for the reasons discussed in the body of this decision the claimant has not met her burden of establishing that she has any other "severe" impairment.

(4) The claimant has "mild" limitations in activities of daily living and social functioning, and "moderate" limitations in concentration, persistence, or pace. She has not experienced any extended episodes of decompensating.

(5) Although the claimant has chronic mental illnesses, those illnesses are not of the level of severity required to satisfy the C criteria of Listings 12.04 or 12.06.

(6) For the reasons discussed in the body of this decision, the testimony regarding the severity of the claimant's impairments and resulting functional imitations was not persuasive.

(7) The claimant retains the residual functional capacity to perform unskilled "sedentary" work.

(8) The claimant is unable to perform her past relevant work

(9) The claimant is a "younger individual" and she has a high school education.

(10) Based on an exertional capacity for unskilled "sedentary" work, and the claimant's age, education, and work experience, section 404.1569 and Rule 201.21, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 directs a conclusion of not "disabled".

(11) The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision 20 CFR 404.1520(f).

(T. 25-26.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. The ALJ Properly Assessed Plaintiff's Mental Impairment

Plaintiff contends that ALJ failed to adhere to the required legal standard set forth by the special technique for evaluating mental impairments. Specifically, Plaintiff contends that the ALJ failed to properly assess the "Paragraph B criteria." "In evaluating mental impairments, the ALJ employs a specific technique that considers four functional areas essential to the ability to work: activities of daily living; ability to maintain social functioning; concentration, persistence, and pace in performing activities; and deterioration or decompensation in work or work-like settings. . . ." Felton-Miller v. Astrue, 459 Fed. App'x 226, 230 (4th Cir. 2011) (unpublished); see also 20 C.F.R. § 404.1520a; 20 C.F.R. § 416.920a. In rating the first three functional areas, the Commissioner uses a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 416.920a(c)(4). In rating episodes of decompensation, the Commissioner uses a four-point scale: none, one or two, three, four or more. Id. In addition, the ALJ must document the application of this special technique. 20 C.F.R. § 416.920(a)(e). Specifically, the ALJ's written decision:

> must incorporate the pertinent findings and conclusions based on the

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 416.920(a)(e)(4). The ALJ employs the special technique at steps two and three of the sequential evaluation process. SSR 96-8p, 1996 WL 374184, at *4.

As the ALJ's decision reflects, the ALJ did not err in applying the special technique in evaluating Plaintiff's mental impairments. The ALJ found that Plaintiff's anxiety and depression were both severe impairments. (T. 25.) The ALJ set forth the four functional areas for evaluating mental impairments. (T. 22, 26.) The ALJ made specific findings as to each of the functional areas (T. 22) and the decision contained a discussion of the relevant medical history and the medical expert opinions. (T. 22-25.) Specifically, the ALJ found that Plaintiff had mild limitations in activities of daily living and social functioning, and moderate limitations in concentration, persistence, or pace. (T. 26.) Plaintiff experienced no extended episodes of decompensating. (T. 26.) As a result of these findings, Plaintiff did not satisfy the Paragraph B criteria because her mental impairment did not result in at least two of the following: marked restrictions of activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in

maintaining concentration, persistence, or pace, or repeated episodes of decompensating of extended duration. 20 C.F.R. § 404.1520; 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04 and 12.06. Substantial evidence supports the ALJ's evaluation of the Paragraph B and C criteria in this case. Accordingly, the Court finds that the ALJ did not err in his listing analysis as to Plaintiff's mental impairments.

### B. The ALJ's Mental RFC is Not Supported by Substantial Evidence in the Record

The ALJ reviewed the medical evidence and considered the findings of the state agency medical consultants in determining Plaintiff's RFC. (T. 22-25.) With regards to Plaintiff's mental RFC, the ALJ determined that the conclusions of the state agency consultants were consistent with the medical records, were not contradicted by other medical opinions or persuasive testimony, and were entitled to "great weight." (T. 24.) The ALJ then concluded that Plaintiff had the RFC to perform unskilled, sedentary work. (T. 26.) The ALJ included no additional limitations in Plaintiff's RFC. (T. 26.)

One of the opinions to which the ALJ assigned great weight was the opinion of Dr. Lee Coleman. Dr. Coleman reviewed the evidence and conducted a mental residual functional capacity assessment. (T. 354-357.) In the assessment, Dr. Coleman opined that: (1) Plaintiff has the ability to understand, remember, and

perform simple one-two step tasks/instructions, and in some cases complex tasks and (2) is able to perform SRRTs in a work setting among few familiar co-workers, with limited public contact, provided she receives routine breaks.[2] (T. 356.) The ALJ's mental RFC, however, fails to account for these limitations, despite the fact that the ALJ found that the opinion of Dr. Coleman was entitled to great weight. The RFC does not limit Plaintiff's work setting or Plaintiff's contact with the public. The decision fails to address these limitations, much less explain either why they are either entitled to no weight or how they are incorporated into an RFC that limits Plaintiff only to unskilled sedentary work.

Moreover, it is not even clear from the decision whether the ALJ limited Plaintiff to simple, routine, repetitive, tasks because the specific findings for the ALJ are silent as to such limitations. (T. 26.) The only limitations imposed by the ALJ was to limit Plaintiff to unskilled sedentary work. (T. 26.) The ALJ's specific RFC determination did not refer to or incorporate limitations discussed in the body of the decision (compare T. 63, with T. 26.) Although the ALJ seemed to equate the two as equal in his discussion of Plaintiff's RFC (T. 24-25), as other Courts in this Circuit have explained, "simple, routine, repetitive work is a narrower category (meaning greater limitations) that unskilled work." McClendon

---

2 SRRT stands for simple, routine, repetitive tasks. See Gruby v. Astrue, No. 1:09cv364, 2010 WL 5553677, at *13(W.D.N.C. Nov. 18, 2010) (Howell, Mag. J.).

v. Astrue, No. 1:10CV 411, 2012 WL 13525 (M.D.N.C. Jan. 4, 2012); Teeter v. Astrue, No. 3:12-CV-190-GCM, 2012 WL 5405531 (W.D.N.C. Nov. 6, 2012) (Mullen, J.) (adopting Memorandum and Recommendation finding that unskilled work is not synonymous with a limitation to simple, routine, repetitive tasks); Haselden v. Astrue, No. 9:10-545-CMC-BM, 2011 WL 2036457 (D.S.C. May 23, 2011) (treating limitations to simple, routine, repetitive tasks as nonexertional limitations of unskilled work); Powell v. Astrue, No. 6:09-cv-0900-JFK-WMC, 2010 WL 3168308 (D.S.C. May 4, 2010) (holding that simple, routine, repetitive tasks are a subset of unskilled work).

It is not clear from the decision whether the ALJ intended to limit Plaintiff only to unskilled work as stated in his RFC finding (T. 26), or whether the ALJ intended to restrict Plaintiff to a more specific subset of unskilled work, i.e. unskilled work limited to performing simple, routine, repetitive tasks. In fact, in applying the Medical Vocation Guidelines, the ALJ found that Plaintiff was capable of performing the full range of unskilled, sedentary work (T. 25.), which is not consistent with a finding that Plaintiff could only perform simple, routine, repetitive work. Upon a review of the evidence in the record and the decision of the ALJ, the Court finds that the ALJ's mental RFC determination is not supported by substantial evidence in the record and remand is required.

### C. The 2007 Decision

The Plaintiff in this case filed a prior application for disability benefits, which resulted in a June 5, 2007, decision by an ALJ. In this prior decision, the ALJ found that Plaintiff had the RFC to:

> to perform simple, routine, repetitive non-production "light" work that allows for occasional change of position from sitting to standing, that might require frequent but not constant bilateral fingering or handling, that might require frequent but not constant reaching with the left upper extremity, and that does not require concentrated exposure to moving machinery.

(T. 61, 63.) In cases such as this where the an ALJ is adjudicating a subsequent disability claim, the ALJ must consider the prior finding as evidence and give it appropriate weight based on all the relevant facts and circumstances. Acquiescence Ruling 00-1(4), 2000 WL 43774, at *4 (Jan. 12, 2000). The prior findings, however, are not controlling. Id. In considering the weight giving to the prior determination, the ALJ should consider three specific factors:

> (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

Id.

As previously discussed, the ALJ in this case found that Plaintiff had the RFC to perform unskilled sedentary work. (T. 26.) Although in some ways the 2007 RFC might be considered to be less restrictive (i.e., the 2009 limitation to sedentary work), in other ways it is more restrictive (i.e., the 2007 specific limitation for simple, routine, repetitive work and limitations for fingering and handling). The only discussion in the decision, however, as to the prior RFC determination is a conclusory statement by the ALJ that he considered the findings but did not adopt "the residual functional capacity established in the prior decision because it was issued more than 2 years ago and the medical evidence shows that the claimant's medical condition has evolved since that date." (T. 18.) Because the Court finds that remand is necessary because Plaintiff's mental RFC is not supported by substantial evidence in the record, the Court finds that on remand the ALJ should also address the 2007 decision, and in particular the prior RFC determination, in more than the conclusory fashion that was done in the decision. This is not to say that the ALJ must adopt the prior RFC or that it is entitled to controlling weight. Rather, on remand the ALJ should specifically explain why he altered the prior limitations, especially those limitations that appear to be more restrictive than the ones imposed in the 2009 decision. Such a discussion will allow this Court to conduct a more meaningful review.

### D. Plaintiff's Credibility Determination

Having found that the RFC determination is not supported by substantial evidence in the record and that remand is required, the Court need not reach the separate issue of whether the ALJ erred in assessing Plaintiff's credibility.

### VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** the Plaintiff's Motion for Summary Judgment [# 13], **DENY** the Commissioner's Motion for Summary Judgment [# 15], and **REMAND** this case for further consideration consistent with this opinion.

Signed: February 22, 2013

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).