# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11-cv-00318-MR-DLH

| | |
|---|---|
| SONYA WALLS, )<br>)<br>          Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>          Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Petition for Attorney's Fees and Costs [Doc. 20].

The Plaintiff advises the Court that the parties have stipulated and agreed to the award to Plaintiff of $5,750.00 in attorney's fees for full settlement in satisfaction of any and all claims for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 20]. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that her position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA in the amount agreed upon by the parties.

The parties request that the EAJA award be paid directly to Plaintiff's counsel as her assignee. In support of this request, the Plaintiff has submitted a copy of her Fee Agreement with counsel, which purports to assign such fees. [Doc. 20-1]. The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to her attorney and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's counsel, provided that it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset. <u>See</u> <u>Astrue v. Ratliff</u>, __U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Petition for Attorney's Fees and Costs [Doc. 20] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the amount of Five Thousand Seven Hundred and Fifty Dollars ($5,750.00), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Within the same time period, the Plaintiff shall provide a valid

fee assignment to the Defendant. Provided that the Plaintiff does not owe any debt to the Government which is subject to offset, the Commissioner shall honor the assignment of fees.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have thirty (30) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**   Signed: June 12, 2013

Martin Reidinger
United States District Judge